# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL Y. REED, | CASE NO. 1:10-cv-01337-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| H. KANG, Doctor, | (ECF No. 1) |
| Defendant. | FIRST AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

## **SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff Carol Y. Reed ("Plaintiff") is a state prison proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 26, 2010 and consented to Magistrate Judge jurisdiction on August 16, 2010. (ECF Nos. 1 & 5.)   No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

**II.     SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

### III. SUMMARY OF COMPLAINT

Plaintiff alleges violations of her Eighth Amendment right to adequate medical care. Plaintiff names H. Kang, Doctor, as the only Defendant.

Plaintiff alleges the following: Plaintiff was injected with an overdose of a steroid by Defendant Kang. The amount of steroid injected was three times what a person should receive in a year. Plaintiff did not consent to the injection. Plaintiff states that the overdose caused debilitating damage to her left elbow including abnormal bone growth, decreased muscle mass, skin discoloration, and finger numbness.

Plaintiff seeks monetary damages.

### IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Medical Claim

Plaintiff asserts that Defendant denied her adequate medical care.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  <u>Jett</u>, 439 F.3d at 1096 (citing <u>McGuckin</u>, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

The objective component of deliberate indifference requires the showing of a serious medical need.  "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'."  <u>McGuckin</u>, 974 F.2d at 1059 (9th Cir. 1992) (quoting <u>Estelle</u>, 429 U.S. at 104; see also <u>Jett</u>, 439 F.3d at 1096.  "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed."  <u>Estelle</u>, 429 U.S. at 104-105.  The objective element requires proof that the

3

1 prisoner's serious medical needs were not timely and properly treated.

2 The subjective component of deliberate indifference considers the nature of the
3 defendant's response to the serious medical need and whether the defendant had a
4 culpable mental state, which is "'deliberate indifference' to a substantial risk of serious
5 harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer, 511 U.S. at
6 835). "[T]he official must both be aware of the facts from which the inference could be
7 drawn that a substantial risk of serious harm exists, and he must also draw the inference."
8 Farmer, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns
9 not upon its effect on the prisoner, but rather, upon the constraints facing the official."
10 Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)). "This
11 second prong--defendant's response to the need was deliberately indifferent--is satisfied
12 by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible
13 medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citing
14 McGuckin, 974 F.2d at 1060). "A prisoner need not show his harm was substantial;
15 however, such would provide additional support for the inmate's claim that the defendant
16 was deliberately indifferent to his needs." Id. Indications of a serious medical need include
17 "[t]he existence of an injury that a reasonable doctor or patient would find important and
18 worthy of comment or treatment; the presence of a medical condition that significantly
19 affects an individual's daily activities; or the existence of chronic and substantial pain."
20 McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th
21 Cir. 1990)).

22 If the claim alleges mere delay of treatment, the inmate must establish that the delay
23 resulted in some harm. McGuckin, 974 F .2d at 1060 (citing Shapley v. Nevada Board of
24 State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam)). The delay need not
25 cause permanent injury. McGuckin, 974 F.2d at 1060; see also Hudson v. McMillian, 503
26 U.S. 1, 10 (1992). Unnecessary infliction of pain is sufficient to satisfy this requirement.
27 Id.

28 In applying this standard, the Ninth Circuit has held that before it can be said that

a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff states that Defendant Kang injected her with an overdose of a steroid which she did not consent to. Plaintiff's allegations against Defendant Kang appear to be nothing more than mere negligence, or perhaps medical malpractice, neither of which will not support an Eighth Amendment claim as noted above.

Therefore, as currently pleaded, Plaintiff's Eighth Amendment claim fails. Plaintiff will be given one additional opportunity to amend this claim.

### B. Medical Malpractice

It appears that Plaintiff may be attempting to state a medical malpractice claim under state law.

"To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id. However, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir.

1997).

To establish medical negligence (malpractice), a plaintiff must state (and subsequently prove) all of the following: (1) that the defendant was negligent; (2) that the plaintiff was harmed; and (3) that the defendant's negligence was a substantial factor in causing the plaintiff's harm. Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (1996); Ann M. v. Pacific Plaza Shopping Center, 6 Cal.4th 666, 673 (1993); Restatement Second of Torts, section 328A; and Judicial Council Of California Civil Jury Instruction 400, Summer 2008 Supplement Instruction.

Plaintiff must also demonstrate compliance with the California Tort Claims Act. Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

If, upon amendment of her complaint, Plaintiff again fails to state a cognizable federal claim, this Court will not exercise supplemental jurisdiction over any state law claims that Plaintiff alleges. If there are any state law claims, they will be dismissed (without prejudice) along with the rest of the action.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-1337-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   June 9, 2011

UNITED STATES MAGISTRATE JUDGE